THOMAS F. GALE, Respondent, *v.* GEORGE ROLL, Appellant.

*Sale of realty — commissions — proof of employment and of procuring the sale.*

In an action brought to recover commissions alleged to have been earned by the plaintiff in effecting a sale of real estate for the defendant, the burden is upon the plaintiff to establish, by a preponderance of evidence, that he was employed by the defendant and that he was the procuring cause of the sale.

In such an action for commissions, brought against the person in whose name the legal title to the property stood at the time of the sale, the fact that at the time of the sale a third party was the beneficial owner of the property, which was being advertised for sale in his name, and that it was actually sold from his office, in which the plaintiff was then employed, renders testimony of the plaintiff, that the defendant employed him to sell the property, highly improbable.

APPEAL by the defendant, George Roll, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 10th day of April, 1893, upon the verdict of a jury rendered at the New York Circuit, and also from an order entered in said clerk's office on the 5th day of April, 1893, denying the defendant's motion for a new trial made upon the minutes.

*August Kohn*, for the appellant.

*J. H. K. Blauvelt*, for the respondent.

PER CURIAM :

This action was brought to recover commissions alleged to have been earned in effecting a sale of No. 40 West End avenue in August, 1891. In and prior to August, 1891, John Ruck was the owner of a block of sixty-four houses bounded by Tenth avenue, Eleventh avenue, Sixty-sixth street and Sixty-seventh street. He had an office in Sixty-sixth street near Tenth avenue, at which he rented his property, collected rents and made sales when advantageous terms were offered. The plaintiff had been in the employ of Mr. Ruck for a year or more prior to August, 1891, and was engaged in collecting rents, letting rooms and apartments and showing the houses to intending purchasers.

At some time prior to August 1, 1891 (the date not appearing), Mr. Ruck conveyed No. 40 West End avenue and other houses in the block to George Roll, as security for a loan. Roll never took possession of the property or assumed its management, but it was managed by Mr. Ruck as before the conveyance, who advertised it for sale in his own name in the *Herald, Tribune, Sun* and other newspapers.

On the fifteenth of August Ruck signed for defendant a contract to sell the house to Samuel H. Denton for $35,000. A day or two afterwards Roll executed the contract, and, September 1, 1891, the house was conveyed by Roll to Denton pursuant to the contract. The foregoing facts are conceded.

The plaintiff alleged in his complaint and testified that the defendant employed him to sell this house and agreed to pay him a commission of one per cent if a sale were effected. The defendant denied this, and testified that he never employed the plaintiff to effect a sale of the property, but told him that Mr. Ruck controlled the property and that, although they wished to sell it, he had no right to pay a commission because the house belonged to Mr. Ruck.

The plaintiff testified that early in August, 1891, he met Mr. Denton in the street (never having spoken with him before), asked him if he wished to buy a house, and, after some conversation, they examined No. 40 West End avenue; that a few days afterwards Denton came to John Ruck's office, in which plaintiff was employed, for the purpose of purchasing the property, and that he referred

Mr. Denton to Mr. John M. Ruck, the attorney for the defendant, and that a contract was entered into.

Mr. Denton testified that he had no such interview with the plaintiff; that he learned that the house was for sale through an advertisement in the *Herald;* that he went to Roll's office, where he saw Gale, and was by him shown the property ; that when he next went to the office, the plaintiff introduced him to John M. Ruck, who went with him to see the defendant, and that the plaintiff had no other connection with the sale of the property.

The undisputed facts in this case are that, at the time of the sale, Ruck was the beneficial owner of the property which was being advertised for sale in his name, and that it was actually sold from his office, in which the plaintiff was then employed, and these facts render the testimony of the plaintiff, that the defendant employed him to sell this property on commission, highly improbable. In addition to this, Denton, the purchaser, testified that his attention was called to the property by the advertisement in the *Herald;* that he went to Ruck's office and there saw the plaintiff for the first time, and went with him from the office to examine the property, and a few days afterwards returned to the office and contracted for the property with John M. Ruck, the attorney for Roll, and the son of John Ruck.

The burden was on the plaintiff to establish by a preponderance of evidence (1) that he was employed by the defendant to sell the house, and (2) that he was the procuring cause of the sale. We think that he failed to establish either proposition by a fair preponderance of evidence, and that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.